This is the McKinley Foundation versus the Illinois Department of Labor. It's case number 4090512 for the appellant, Christopher Turner, and we have three attorneys for the appellees. How is that going to be defined as far as argument? Your Honor, I represent the McKinley Foundation and I'm taking the first stand here. Your Honor, I'm Christopher Turner. I'm representing Stevens Construction and I'm taking the second. Your Honor, I represent Aiden Drive-On and I'm calling this from my superior title. Thank you. Mr. Turner. Good morning, Your Honors, Counsel. May it please the Court, I'm Christopher Turner, Illinois System's Attorney General, here on behalf of the appellants, the Illinois Department of Labor, and its director, Katherine Shannon. The Circuit Court's grant of summary judgment in favor of the McKinley Foundation at the University of Illinois, finding that the Illinois Prevailing Wage Act did not apply to the McKinley Foundation's university housing project should be reversed. It should be reversed because the McKinley Foundation financed that construction project with $20 million in tax-exempt bonds issued under the Illinois Finance Authority Act. Therefore, the university housing project is defined under the Prevailing Wage Act as a public works, the McKinley Foundation, for purposes of that project, is a public body, and the McKinley Foundation and its contractors and subcontractors were required to pay prevailing rates to their workers on that project. The issue on this appeal is a pure question of law, a public work financed with bonds issued under the Illinois Finance Authority Act. So it doesn't matter that no public monies were used? Well, Your Honor, public monies were made available only through the issuance of the bonds of the state authority. So it doesn't... Made available, you said? Yes, Your Honor. The finance was obtained through bonds issued through the... Wasn't the statute recently amended to include the term made available? It was, Your Honor, but that language was also actually originally in the second sentence before the recent amendment, Public Act 96... So that's not new language? Well, that is new language. The act was amended to more broadly apply to clarify that the second sentence did not only apply to the... But doesn't that kind of hurt your argument that the legislature saw fit to clarify because as it existed, there was at least ambiguity? No, Your Honor, it doesn't because in the second sentence before that amendment, the 2010 amendment, the act specifically provided that financing with bonds issued under the Illinois Finance Authority Act would render the construction project a public works. I don't understand why they would put the new term in made available. Well, it was also used actually before in the second sentence with regard to the Illinois Bond Act. That's what I was referring to before, Your Honor. In the same sentence, when they originally added it back in 1989, 1990, that it was... They specified that all construction projects financed in whole and in part with bonds issued under... And then they enumerated four statutes, including the predecessor to the Illinois Finance Authority Act. They said, and also any funds made available through the Illinois Build Act. Okay. Is... Would the McKinley Foundation fall into the definition of a public body under the statute that would work for the particular public work involved here? Your Honor, we are in a position that we don't challenge their factual claim that other than the financing obtained on the construction project they have not received any public funds. So I guess the answer is no. The answer is no, then, Your Honor. Yes, it would otherwise be a private... Also, this would be a lot easier proposition. It's questions and answers if you could just answer the question and ask. So it wouldn't be a public body if it were divorced from the public works issue here. Correct, Your Honor. So is it the position of the state that anybody that is involved in public works as defined in the statute becomes a public body? Any entity constructing a public works is considered a public body under the statute, yes. Becomes a public body? Yes, it's defined as a public body for purposes of applying the Preliminary Wage Act. What part of the definition of public body contains that reference? Your Honor, it's within the definition of public works where expressly... Well, you know, I'm... Silly me. I'm looking for the definition of public body. You know, there is that quote, public body means. So what I'm looking for is what part of public body means encompasses the definition that you think it... that you're arguing to us? Well, Your Honor, the public body definition, to the extent that you think that public... we must analyze and apply within the public body definition. The public body definition must be read in light of the relevant provisions, including the public works definition. So by... So that answer means there is no part of it? Well, no, it is, Your Honor. It's any institution supported in the whole in part with the public... Counsel, let's... This is in my area of expertise. I'm a simple-minded guy trying to figure this stuff out. My question is, what part of the statutory definition of public body incorporates the interpretation or includes the interpretation you're arguing to us? Your Honor... And is there any part? It would be the institution supported in part with public funds, because by enumerating the specifics of state funding mechanism and the public works definition, it would be a reasonable interpretation of that is that by taking advantage of that state funding mechanism for purposes of financing the construction project would be being supported with public funds. Well, the first part of it talks about public body means the state or any office or board of commission of the state or any public subdivision thereof, or any institution supported in whole or in part by public funds. Is that what you're... Is that the phrase that you're referring to? Yes, the final phrase... Or any institution supported in whole or in part by public funds? It is, Your Honor. It's supported in part with public funds by availing itself of the bonds, the enumerated state financing mechanism, the bonds issued under the Illinois Finance Authority Act for purposes of financing the construction project at issue. So can you just tell me a little bit about how that worked, this IFA financing, the bond financing? How did it work in this case? The McKinley Foundation applied, submitted an application to the Illinois Finance Authority seeking the financing, but the bonds would then be issued by the finance authority, by the IFA. These would be tax-exempt bonds so that the lenders of the money, that is, the people on the market who would buy the bonds would not have to pay taxes on the interest payments. Therefore, the state would forego that future income stream, making the bonds more attractive to the market, and therefore making the financing both cheaper to borrow here at the McKinley Foundation and also easier to sell in the market. And did those bonds actually issue? Was that financing availed? It was, Your Honor. By McKinley? Yes, from the record, it is, yes. What is added if you look to the Section 2 defining public works? Public works means all fixed works constructed by any public body other than blah, blah, blah. Why did the legislature put in by any public body in that definition? Why didn't they just say, public works means all fixed works other than work done directly by any public utility, whether not done under public supervision or paid for wholly or in part out of public funds? Because originally the public body definition was an element to determine whether our project was a public work subject to the Act. That is, originally when the public body, public work definition was rewritten, it meant all fixed works constructed by any public body. When was it rewritten? In 1961, Your Honor. And prior to that, it didn't contain public body? It did contain public body. There was no public body definition, I believe, before 1961. And then, but it did, it didn't, I don't know if it used the term public body, Your Honor, but it used, it gives sort of the definition of the traditional public bodies within the state. Public work is any work supported by public funds? In whole or in part by public funds? That is, Your Honor, now under the 2010 amendment has clarified that that is true, any fixed work. One step at a time. Is it true that under the statute, that public work is any work supported in whole or in part by public funds? Yes, Your Honor, it's any fixed work supported in whole or in part by public funds. Well, then I'm trying, it seems to me that if that's true, then the definition you're arguing to us renders a surplusage, the phrase public body, which the statute also contains. Public works means all fixed works constructed by any public body. The definition you're asserting to us would be the same as if the, by any public body language were not present. No, Your Honor, it only, it would not be, Your Honor, because in those circumstances where the specific construction project was not financed through any kind of public funds, then whether or not it's a public work is one of the elements to determine if it's a fixed work is a public work, is if the entity constructing it falls within the definition of a public body. So therefore it's not a perfect project. Counselor, let me take this one step, going back to the basics again. My first question is, would a work, any work, become a public work under the statutory definition if it's supported in whole or in part by public funds? It is, Your Honor. So the answer would be yes? Yes. Okay. Well then, what I don't understand is why the legislature, given the argument you just made to us, would have included the phrase by any public body. Isn't that surplusage in the statute? It isn't, Your Honor, because it still is relevant to all those circumstances. We have a construction project that is not being financed or funded in any way with public funds, but it's being built by an entity that is otherwise supported by public funds and therefore fits the definition of public body. What would be an example of that? Do you know of any examples of that? I don't know of any real world examples. For instance, a public... Well, no, there is actually. It was one of the cases in which we all said the... I'm trying to remember if it's the Illini Community Hospital or the Opportunity Center. They specifically, the plans argued specifically there that we have not used any public funds at all on the specific construction project at issue there. But the court said no, you're still, you are otherwise supported by public funds other than this construction project and therefore fit within the definition of public body. That's the Illini Community Hospital case because they were building the canopy outside, but they had raised private funds to do it, but because they had gotten a tax exemption or something, they were considered a public body. Correct. What if the trial court made the statement in giving its ruling, the trial court said not all public works are carried out by public bodies. Is that a true statement? Is that a correct statement? No, Your Honor. Under the statute, all public works are carried out by public bodies for purposes of applying the act. That is, I mean, as a matter of just pure logic, what entity constructs a public works other than a public body? Now, when they added the second sentences and the sentences thereafter, what they recognized was that they were expanding, the General Assembly was expanding the coverage of the act to projects which previously were not covered by the act. That would be projects which were constructed by an entity that other than the construction project at issue would have been considered a private entity. I want to go back to the question I asked earlier because I'm not sure I understand this yet. Um, any agency of the government, I guess, is receiving public monies. So any work done by such an agency has to be a public work. Isn't that correct? I believe so, Your Honor. Okay. So then give me an example of a public work, um, some work being done where money's involved, public, financed wholly or in part by public money that wouldn't be a public work. Well, Your Honor, the Department's position is there wouldn't be, that if it was using public money to construct the fixed work, then it would be covered under the act. Now, you don't even have to, the court doesn't have to even reach that reading of it because I don't want to sound too, um, opaque about this. My first job out of law school was as a statutory draftsman. And I forwarded the Illinois legislature. Did that for a year. I learned great respect for the idea that the concept of law really is true, that we should not overlook terms and words. We should not read terms out of a statute. And, uh, they're in there for some reason. It's the job of the courts to find out what it is. It seems to me that the fundamental problem with the argument you're making is that you have run out of the first definition of public works, the clause, by any public body. Because what you're arguing to us is a public works means all work done with, uh, finance wholly or in part by public funds. You have read out the legislature's term by any public body by making it somehow a pathologist that, well, that means it's got to be a public body doing it. But that's not what they said. I'm still looking for a reason from you why the phrase by any public body is there. To distinguish it from what? For all the circumstances, your honor, such as an Illini community hospital. Well, I don't understand how that works. You have to give me, give me an example. Maybe you put it this way. Give me an example of where this statute would apply only because it is the by any public body in there. To distinguish it from the public body not being in there. Well, when you would have an institute, you would have an organization that was providing services to, providing services or a hospital. It was conducting a construction project. It was not availing itself for that construction project for any public funds in any way. And the record was clear on that. However, the hospital otherwise was supported by public funds in other operations. In such a circumstance, the hospital would be an institution supported in part with public funds becoming a public body. Therefore, its construction project would be a fixed work by a public body. That goes back to answer my earlier question. Supported wholly or in part by public funds. It's a public work. So you wouldn't need the phrase by a public body. You do there, your honor. Because if you didn't have the first sentence then, that in that situation, the hospital would not have been, the construction project by that hospital would not have been covered under the act because it was not availing itself of any public financing for purposes of that construction project. In addition, your honor, well, in this situation, it's not, the court doesn't need to accept the definition of that, or the position that a public work would cover any project financed with any public funds. For here, we have an enumerated financing mechanism. The statute, specifically the Illinois Finance Authority Act, and even more specifically bonds issued under that act, are, though construction is financed in that manner, are those specific lists, that laundry list of projects and statutes, those are what are deemed to be specifically as public works covered by the act. Your honor, if, however, if you take the opposing reading, that the act does not extend coverage here to the kinds of projects which are financed by these enumerated, then the question is, why did the General Assembly put this language into the statute? For what effect the act's coverage at all? Or even its implementation? And therefore, this specific reference here to projects all funded, financed with bonds issued under the Illinois Finance Authority Act, that would be superfluous, as well as the rest of the second sentence and all the sentences thereafter, identifying various state financing mechanisms. The plaintiffs haven't offered us any reasonable interpretation of what the General Assembly intended, otherwise, if not to extend the act's coverage. Indeed, historically, the act was all... Are we supposed to be looking at what the General Assembly intended, or what they said? Well, both, your honor. Because, I mean, here, what they intended was reflected by what they said. They used a language very specifically that it covers projects that are supported in whole or in part with bonds issued under these various state statutes. Well, in the Stevens brief on page 9, they give a couple of examples of what the legislature could have said to make this perfectly clear. What's your response to their argument that the General Assembly didn't use that language? Well, I don't know if their language would make it any more clear than the language here, however... Institution supported in whole or in part by projects financed in whole or in part with bonds issued under the IFA. Yes, but that... It's pretty clear. Well, that would be making... Availing itself of that financing as a public body for all projects thereafter, including... Why? Why all projects thereafter? Because it's saying that within the public body definition, if it uses this financing for a project, that it then becomes a public body. While the General Assembly amended specifically the public works definition, because what was important was that this project was being covered, that the entity constructing it was a public body for purposes of that project. That was the reason that the General Assembly specifically amended the public works definition, and it's consistent with what they've done every time they've tried to change the scope of the statute. Was the position of the department at the trial level that the statute was not ambiguous? The position of the department is that under the plain language, the act covers the project and it defines the McKinley Foundation as a public body designating as such under the public works definition. Well, but we did further argue that this meeting is supported by the legislative history, and when, for a page, went over and looked at the legislative history... Well, we wouldn't be looking at legislative history unless there was ambiguity. Do you agree with that proposition? Yes, Your Honor. So when you argue that we should look at legislative history, you're arguing ambiguity? We are, Your Honor. We're recognizing that to the extent the court finds there's an ambiguity, that still the tools of statutory construction support the department's reading of the statute. You'll have more time on rebuttal. Thank you, Counsel. Sorry, Your Honor. Thank you. May it please the Court? Counsel? As I indicated earlier, I'm Lorna Geiler, and I represent McKinley Foundation. And Mr. Scrivener and I have split this argument, and I'm going to talk about why the statute, as interpreted by the trial court, was proper. And it may overlap with why the state's interpretation is improper. That's not my goal. The statute is, was, continues to be clear. It says over and over again that the Prevailing Wage Act applies to jobs that are constructed, and they are public works constructed by a public body. That's obviously paraphrasing. I'm not going to read the statute to you all, but Section 3 of the statute, which is the provision that imposes the liability for prevailing wages, says, in relevant part, not less than the general prevailing rate shall be paid to laborers employed by or on behalf of a public body engaged in the construction of a public work. Both a public body and a public work. Yes, the definition of public body is specific in the statute. There is a reason for that. Public work also uses public body in its definition in some circumstances. Okay? In this case, the only reason the public work definition is met under the Prevailing Wage Act is because this was financed through the Illinois Finance Authority. That's it. This is not a traditional public work. This is not something that is otherwise covered by the Prevailing Wage Act. But the legislature listed, certainly numerated financing acts. Yes. Including Build Illinois and the IFA. Yes. So IFA is in there. Yes. So why isn't any project that's funded through the IFA covered by the Prevailing Wage Act? It's still got to be done by a public body. Okay? I agree that adding the IFA projects financed, not funded by, there is a difference. Financed by. Financed by the Illinois Finance Authority are now automatically public works. I concede that. I agree with that. The trial court found that. We all agree with that. What the difference is, is if you have an Illinois Finance Authority financing, just to be very simplistic, in essence you go to the IFA and they are a broker. You pay them hundreds of thousands of dollars to put the state of Illinois stamp on these bonds. It has to be certain types of bonds. So it's a tax exempt bond. You pay them money to do that. They're done. The bonds are then sold. Banks buy bonds. McKinley owes, just like a little mortgage. But without that stamp, the bonds would not be tax exempt. That's exactly right. And there effectively would be no bonds. It would be traditional mortgage financing. That would be an alternative. So there is no, yes, there is a benefit to going through the IFA.  But the benefit is not public funds. It does not, go ahead. This gets into the conduit funding argument. Yes. And in Zicker bowling, they found in that case that the Industrial Revenue Bond Act was merely conduit. Yes. But then the legislature amended the statute to include the Industrial Revenue Bond. Exactly. And it's very, I have a very simple mind. Me too. So I have to take it in little pieces. Absolutely. And they put the Illinois Financing Authority in there after the Zicker case. Why did they do that? So we won't argue about whether or not projects funded, or I'm sorry, I did it, financed through the IFA are public works. We will no longer argue that. That piece of the prevailing wage act, because there are two pieces. There is the public works and the public body piece. That piece is off the table. So we will no longer argue about whether or not an IFA financed project is a public work. It is. So what your argument is, is that if it's a public work, but the prevailing wage act does not apply to a public work. Absolutely. Absolutely. I am saying this is a public work because the IFA came in and they say the IFA makes this a public work statutorily. However, it has to be a public work by a public body. That's what the statute says. When is a public work not carried out by a public body? Today. The McKinley Foundation Student Housing Project. But you don't think by taking the IFA financing that converted them to a public body for the purposes of this project? I absolutely do not think that. I absolutely do not think that was the legislative intent. Because as has been noted by Justice Turner and my counsel for a co-defendant or another party, I guess we're not co-defendants, if they wanted to do that, they should have and could have done that. When they were addressing the industrial bonds and adding IFA to address the Zika issue, they could have fixed that to the extent they wanted to fix that and make the prevailing wage act apply to this type of project. They could have said it applies. Period. And you don't think that's what they did when they put the IFA and the industrial revenue bond act in the enumerated statute? I do not. I truly do not. I think that we are still required to have a public work and a public body. I think we have a public work. Counselor Munoz, you said you would concede, if I wrote this down correctly, if it's financed through the IFA, there's no longer any argument that the act applies? No, no, no. That's not what you said? No. Okay. Run it past me again because it went over my head. I will concede it's a public work as defined by the prevailing wage act. I do not concede that the prevailing wage act rates apply because we're still not a public body. For the prevailing wage... Then that brings us to a circular argument. Now we're back to why did the legislature put the IFA into the statute? There had to be a reason. I agree. What would the reason be unless the prevailing wage act is intended to apply to financing of projects through the IFA? Okay. Let's go back to Zicker because it's similar. So we have financing that was done through a bond act that was not specifically enumerated in the prevailing wage act that time. And the court found this isn't a public work because there are no public funds. It's conduit financing. Everybody agrees. So the court found this isn't a public work and it's not by a public body because there is no public work and that was not a public body in that case. So the legislature said, you know what? Well, I'm assuming. I'm not a legislator. I wasn't there. But you know what? What I'm thinking here is if we're going to put this through the Illinois Financing Authority, we need to take that is it a public work off the table. Because we're giving some benefit through the state of Illinois. We're not paying any state money. But we're giving some benefit through the state of Illinois through bonds. So what we're going to do is we're going to say that will be a public work. Whether it meets our traditional idea of a public work or not, it's a public work because of its financing. So the legislature says this will now be a public work. So now go back and apply this statute, the Prevailing Wage Act. But why would they say it's a public work? If they're saying this is going to be a public work, that has to have some teeth in it. It has to have some meaning. I don't see what the meaning would be unless the Prevailing Wage Act is to apply. Okay. It does have meaning if you understand that to have the Prevailing Wage Act applied, you have to have a public work and a public body. Okay. What I'm saying is there are public works that can be done not by a public body. Like the McKinley Foundation Project. Okay. That's the difference. That's the key. Now, the Illinois Finance Authority has provided bonds for you. How does that work? I'm not sure I understand. The Illinois Finance, the McKinley Foundation completes an application. That's reviewed by the Illinois Finance Authority to determine whether or not McKinley Foundation's project qualified for bonding approval. Then the Illinois Finance Authority in this case said yes, it does. Finding approval of what sort? Tax-exempt bonds. So you could, had they said no, what would have happened? Well, what could have happened is traditional financing. You'd just get a mortgage from a bank and what's the tax you would then have paid? None. Absolutely. On a mortgage from the bank? We would have paid interest to the bank. But when I listened to the state gave up some tax or some stream of income, none of the state didn't give up any tax. Well, then what, I'm still having trouble figuring this out. What did you get? What was the advantage from the Illinois Financing Authority? What we got in exchange for a brokerage fee, what we got was the ability of bankers to buy and sell bonds that finance this project at a tax-free basis. So there is no, there is no tax penalty. They don't pay taxes on any money they make for us repaying our mortgage, in essence. So the interest you pay is tax-free to them? It's a tax-free bond, exactly. We still pay interest. We pay a lower interest because people are going to buy those bonds before they'll buy one they have to pay income tax. It's like a, comparable to a tax-free... Municipal bond. Yeah, yeah, exactly. And what does the Illinois Finance Authority do other than they just decide that this is a legitimate bond? You're a legitimate enterprise? Yes, they approve it. There are criteria for approval. There's a big application that's filled out and they approve it. And they say, indeed it is what it is. And then in exchange for their efforts in reviewing it, we paid them, I can't exactly remember, either $200,000 or $500,000 as a brokerage fee and then they're done. So you were then, this is a project financed in whole or in part with bonds issued under the Illinois Finance Authority Act? It is. But you didn't get any public money to do it? We did not. So it's your position, if I understand correctly then, that with regard to the definition of public body, you're not an institution supported in whole or in part by public funds? Yes. You heard Mr. Turner's argument that, well, they had it available. Remember that? What does that mean? I don't know. Okay, I'll ask him. Thank you, Counsel. Thank you. Sorry about that. Didn't hate to run late, so I'm going to start over here. Good morning. Thank you for the opportunity to appear in this court. I appreciate it, Counsel. My name is Tom Scrivener and I represent Stevens Construction and I'm speaking today also on behalf of the group of affected subcontractors. A couple of the questions that the Justices were asking, I might like to weigh in on at the beginning, if I may. Looking at the definition of public works, the first sentence contains the public body terminology and identifies the general scope as relating to fixed construction projects. That wasn't changed by the amendments in 1989. The word public body was there before, it is thereafter, and it is still there. I would suggest that the change that was made by the addition of the enumerated statutes in the second sentence doesn't change the fact that there always has been a dual requirement for statutory coverage. Public work for a public body. And what the Department is arguing is that the changes in 1989 essentially accomplished a removal or elimination of the two-fold requirement and the substitution of simply a public works equals coverage requirement. That is not what the legislative history says. That is certainly not what the language of the 1989 amendment says. So your argument is that the legislature, your argument is that the state's position is the legislature by enacting the second sentence has implicitly eliminated the requirement for public body in the first sentence? That appears to be the state's argument, but the word public body remains. And then looking at the statute, throughout the statute, the term public body is used in numerous contexts repeatedly for imposing many obligations on many parties. What if the legislature repealed the first sentence entirely in 1989 and just said public works as defined herein includes? I think we would still have, we would probably still have the same issue. The reason we would have the same issue is that there would still be a definition of public body and there would then be a statute in all of the sections that refer to both public works and public body as two requirements that are necessary for coverage. The fact that they didn't remove the public body in the first sentence is a strong indicator, I believe, that the legislature intended for the public body requirement to remain, notwithstanding the statutory changes. Well, you're seeing the legislative history that the department included in the brief where the arguments made by both in the Senate and the House was this is going to be an expansion of the Pervading Wage Act into areas where it has not been required before to be paid. Correct? I believe that the legislative history establishes that what the legislature intended to do was expand the definition of public works. They believed that at least in some circumstances that expansion would accomplish additional coverage. Remember the Zicker case as an example. There was a big issue in Zicker about whether the warehouse was a private use or a public use. That was a public works question in Zicker. The first sentence of the public works definition when the legislature went to work in 1989 contained fixed works construction projects constructed for public use by a public body. That for public use was a public works term. But the legislature obviously wanted to deal with it. And so you add, the legislature chose to add the enumerated statutes so that the public use, private use issue was no longer a public works question in terms of the coverage. I believe that is what the legislative history establishes. What the legislative history does not establish and doesn't indicate in any way that what the legislature thought they were doing was removing the public body requirement which had been present all along. It would be a lot more comfortable accepting your argument if you could give me some other examples in which it would apply even theoretically other than this case. Can you give me some example of public work, something, a project that would meet public work but would fail to meet the public body. Definition so therefore prevailing wage act doesn't apply. Well I think when you put the two definitions side by side the only way to answer your question your honor is, will be, is there public funding in whole or in part and public support in whole or in part echoing the definition of public body. The answer will be that those entities that are funded or financed, not funded, financed through the enumerated statutes may or may not be recipients of public support through the receipt of public funds. So you're going to distinction between financed by and funded by. Financed by the going through the act and funded by that's state fisc. The difference between financed by and funded by is as important an issue in this case as any other. This is conduit financing. Conduit financing means that no state money goes to the private entity. So as to the IFA bonds here, they were sold to the market. They were purchased by individual investors. The state put no money. But that's true in every project that's financed by IFA. And yet there are projects financed by IFA bonds that meet the definition under the statute and require the payment of prevailing wage act even under your interpretation. I think there are different kinds of bond programs. The particular program here is a not-for-profit bond program that the IFA sponsors. And I would say that the not-for-profit program is a good example of a circumstance where there may very well be private entities that do receive public funds. Not through the financing of the project, but otherwise. That's the Illinois Hospital case. That's the Opportunity Center case. That would be the many not-for-profits that receive government contracts. What about somebody like Goodwill Industries? I don't know if they receive... Actually, I don't think they do receive public funds. But would they be available for Illinois Finance Authority financing? I missed the first part. Goodwill Industries. That's a big charity. Yeah, Goodwill, a good client of mine in Wisconsin, actually. Do they receive public funds? They would receive... They have many, many... I will assume that Illinois is the same as Wisconsin. But they receive many, many government contracts. That they are doing government contract work, in essence. And therefore, they would definitely be a recipient. So they're a public body because they're refunded in whole or in part by public funds? Which is in line with a long line of attorney general opinions, Illinois cases that have dealt with the question. So the answer is yes? The answer is yes. Okay. What about Salvation Army or other charities? I'm looking for something besides McKinley Foundation. You know, this is it? We're going to come up with a decision based on just this one? Can you give me any scenario? You know, make up a hypothetical for someone else. Well, I think the IFA, the not-for-profit bond program, is the place to think about these questions. And there will be not-for-profits that do receive government money. And there will be not-for-profits, such as the McKinley Foundation, who do not. So it's got to be a not-for-profit who receives no government funds? It needs to be a private entity. And I'm suggesting that the not-for-profit sector is an excellent example of a private sector enterprise that could receive public funds or not, depending on the nature of the organization and the nature of the government commitments that it has. So you're arguing that a not-for-profit can receive public money through IFA financing? I do not believe, through IFA financing, that a not-for-profit, including the McKinley Foundation, receives public money. They may have received the benefit of public financing, but public money means, according to the established definitions, state money. How did they even get the benefit of public financing? It was private entities that bought the bonds. It's private entities that buy the bonds, but they're buying the bonds attractively and attracted to the tax-free nature of them. Other than putting the imprimatur on, what aspect of this was public financing? It is the fact that the finance authority, under its statutory powers, receives applications for financing arrangements, approves them, and then allows those entities to go to the market in the name of IFA-issued bonds that happen to be tax-free. IFA isn't on the hook if those bonds aren't paid? No money in. IFA is not on the hook in the case of default. It is not public money. So it isn't financed in any sense. But that really isn't the issue, is it? Because the legislature enumerated IFA as making a project public works, even though no money comes from the state. And on the public works side of the equation, absolutely right, Your Honor. But there always has been the second side of the equation, and that is, is there a public body in the picture or not? Right. And I understand your argument, but all I was trying to make the point is that whether funds from the state come or not, it doesn't matter, because it's an enumerated act under the prevailing way. As to the public works side of things, you're correct. Thank you, Counsel. Thank you, Your Honor. And I just, on behalf of McKinley, on behalf of Stevens Construction, on behalf of the affected subcontractors, we think the court has a very interesting and important issue. There is a considerable amount of work that needs to be done on the statutory interpretation principles in particular, and I would submit that the circuit court got it right. I would ask this court to do the same. Thank you. Thank you. Rebuttal. Your Honor, the plaintiffs have still not provided any reason why the General Assembly expanded the definition of public works to include projects specifically financed with funds issued under the IFAA, other than to simply state the implication of their reading that they were defining a new class of public works that would not be covered to the act. But this simply begs the question about why the legislature would have specifically enumerated these projects. Counsel for Stevens Construction Company argued that by retaining the first sentence of the public works definition, that somehow they were still requiring that there would always have to be a public body that fits within the public body definition. However, by retaining that first sentence of the public works definition, they were retaining the relevance of public bodies. Certainly in situations where you were not using an enumerated state financing mechanism in order to finance a construction project, you still needed to establish that the entity constructing that project fit within the definition of public body. In addition, by retaining that sentence, they were still retaining the same statutory model, essentially, that any public work, if it fits within the definition of public works, it is therefore a fixed work by a public body. And the entity constructing that body should be considered to be the public body. Therefore, all the other references in the statute to public body, which are generally operational, ones which tell you, imposing the duties, the notification, for other purposes, the public body is that entity constructing the public work. None of those references are rendered purposeless or meaningless. They still play an important role in the operation of the statute. Counsel also for McKinley stated that there was no public funds that were in any way supporting the McKinley Foundation when it was using IFA financing. However, by availing itself of the IFA financing, it was able to issue those bonds at a lower interest rate, therefore pay lower interest. That was what the tax-exempt status provides it. The tax-exempt status is for the lenders. They don't have to pay taxes on their interest rates. But by doing that in the market, that allows the borrower to sell those bonds at a lower interest rate, therefore pay a lower interest. So the state forgoes its future tax revenues, allowing the entity, in this case the McKinley Foundation, to basically borrow money at a cheaper rate. Say that again. The state forgoes what? Future tax revenues on the interest payment by the lenders that they would pay on their interest payments. So for instance, the lenders... So that renders this institution supported in whole or in part by public funds? It would, Your Honor. Yes, it does. It does, at least for purposes of this project. And it does because the General Assembly has told us it does by enumerating the statute in that financing mechanism in the public works definition. Can a public work be done by any entity other than a public body? No, under the Prevailing Wage Act, by retaining that first sentence, they were making clear that any project that fits within the definition of public works would be considered to be constructed by a public body. Your argument appears to be that the inclusion of the second sentence rendered by any public body unnecessary surplusage in the first sentence. Isn't that true? I don't have a problem repeating myself, but wouldn't it be surplusage in any instance where the entity constructing a project was not using any of the enumerated state financing mechanisms? Then you still have to fit the definition of public body. Well, your argument appears to be a public work is anything financed through the Illinois Finance Authority Act. Finance in whole or in part responds under that. That encompasses the McKinley Foundation and we don't have to pay any attention to the first sentence at all. Very honored, other than the fact that it's referring back and it is that the definition of public works is telling you that the construction of the McKinley Foundation University housing project is considered a fixed work by a public body. So the, but actually McKinley Foundation, it's the purchases, the bonds who are not paying tax to the state McKinley Foundation isn't having its tax burden reduced. I think it's able to sell bonds at a cheaper price. That's the connection of funded in whole or in part? Well, your honor, they're able both to lend that money at a cheaper rate, thereby making a more attractive, both they have to pay a lower interest rate to those lenders. So McKinley Foundation's ability to pay a lower interest rate to the lenders, pay 3% for the money they borrow instead of 6%, let's say, that renders McKinley an institution supported in whole or in part by public funds? It does, your honor, for purposes of that project, that finance project, yes. Counsel, you say it's clear, opposing counsel says it's clear, but you interpret it differently. Suggests maybe it's not too clear, would you agree with that? Yes, your honor, and for that reason we brought in the various other tools of statutory construction to look at. Thank you, the case is submitted, the court is in recess.